UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE J. OLSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden ISCI,<br><br>　　　　　　　Respondent. | Case No. 1:09-CV-425-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Respondent's Motion for Summary Dismissal. (Dkt. 13.) Petitioner has filed an Objection to the Motion (Dkt. 14), and the Motion is now ripe for adjudication.

　　　　Both parties have consented to the jurisdiction of a United States Magistrate Judge to determine the matter. (Dkt. 6, 17 & 18.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing the Petition for Writ of Habeas Corpus with prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner Lawrence J. Olson filed a Petition for Writ of Habeas Corpus on August 31, 2009, pursuant to 28 U.S.C. § 2241 or § 2255. In its Initial Review Order, the Court gave the parties notice that it would construe Petitioner's Petition under § 2254, given that Petitioner is challenging state custody and is held under a judgment on a state criminal conviction.

Petitioner pled guilty to and was convicted of a charge of driving under the influence of alcohol and a charge of being a persistent violator in the Fourth Judicial District Court in Ada County, Idaho, Case No. H 07-01042. (State's Lodging A-1. pp. 39-47.) He was sentenced to seven years fixed, with an indeterminate life term, to run concurrent with another sentence from Kootenai County criminal case no. CRFE-04-352. (*Id.*, pp. 50-53.)

Petitioner filed a Rule 35 motion for reduction of sentence, which was denied. (*Id.*, pp. 83-84; State's Lodging B-1.) He next filed a pro se notice of appeal, and was subsequently appointed counsel to represent him on appeal. (Sate's Lodging A-1, pp. 54-58 & 78.) On appeal, Petitioner raised two issues: (1) the trial court abused its discretion in sentencing; and (2) the trial court abused its discretion in denying the Rule 35 motion for reduction of sentence. (State's Lodging B-3, p. 3.) The Idaho Court of Appeals affirmed the sentence and denial of the Rule 35 motion. (State's Lodging B-6, *State v. Olson*, Docket No. 35049, 2008 Unpub. Op. No. 748 (Idaho Ct. App. Dec. 23, 2008). Petitioner filed a petition for review with the Idaho Supreme Court, which was denied,

with the remittitur issuing on March 9, 2009. (State's Lodgings B-7 through B-10.)

In his federal Petition for Writ of Habeas Corpus, Petitioner's first claim is that he is "detained by virtue of an order obtained by violation of Article 1, § 9 Bill Attainder, Violation of Amendments Five and denial of jury findings required by Amendment Six, causing imprisonment illegal, contrary to law." (Petition, p. 2, Dkt. 3.) Petitioner's second claim is that he "reserves all rights that relate or found [sic] this application under the belief that such are best reserved due to not having access to legal reference materials in prison on par with those answering this application. This [i]nequality works a disparity which makes one party superior to the other a basic fairness, denial to equal access to the law." (*Id*., pp. 2-3.) Petitioner alleges that Idaho District Judge Michael R. McLaughlin had no judicial authority to enter orders and that the orders violate the Fifth and Sixth Amendments of the United States Constitution. The Court earlier construed Petitioner's claims as illegal detention claims based on a void order of conviction or commitment.

## MOTION TO DISMISS

**1. Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281

(9th Cir. 1986).[1] A court may look beyond the petition to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

2. Discussion

    A. *Vague and Conclusory Claims*

Respondent argues that Petitioner's claims are subject to dismissal because they are conclusory and fail to meet habeas corpus pleading requirements. The Court has construed Petitioner's claims in a liberal manner because he is acting pro se. Therefore, the Court declines to dismiss the claims on grounds of vagueness.

    B. *Procedural Default*

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review, *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[2]

Petitioner presented claims to the Idaho Supreme Court once during the course of the criminal action at issue. Those claims were presented as state law abuse of discretion claims rather than federal claims, and the claims were addressed by the Idaho Court of Appeals as state law claims. (State's Lodgings B-3, B-6, & B-7.) Petitioner has not shown that any proper state court avenues remain open for him to bring federal claims arising from his state conviction and sentence.

Petitioner argues in his Objection to Respondent's Motion for Summary Judgment

---

[2] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

**MEMORANDUM DECISION AND ORDER - 5**

that he did, in fact, present two claims to the Idaho Supreme Court. While that is true, Petitioner misses the narrower point that the two claims should have been presented as *federal* issues, and then those *same* federal issues should have been presented here. Petitioner failed to present the issues as federal issues to the state appellate courts, and he has presented different issues here.

As a result of the foregoing, the Court concludes that Petitioner's current claims are procedurally defaulted. The federal district court cannot hear a procedurally defaulted claim unless a petitioner meets one of two exceptions: (1) cause and prejudice, or (2) miscarriage of justice.

### C. *Cause and Prejudice Exception*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Here, Petitioner has made no showing of cause for the default of his current claims. The Court finds none apparent in its review of the record. As a result, the default of Petitioner's current claims is not excused under the cause and prejudice exception.

**D.** *Miscarriage of Justice Exception*

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

Petitioner has not attempted to show that he is actually innocent. Neither does the Court find any evidence in the record suggesting that Petitioner is actually innocent. As a result, the default of his current claims is not excused under the miscarriage of justice exception.

**E.** *Merits of an Eighth Amendment Claim*

The Court alternatively considers the merits of Petitioner's sentencing claim as an Eighth Amendment cruel and unusual punishment claim. Under AEDPA, the Court

MEMORANDUM DECISION AND ORDER - 7

cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The facts regarding Petitioner's sentence are not in dispute in this case, and thus § 2254(d)(2) is not applicable here. Therefore, to prevail, Petitioner must show entitlement to relief under § 2254(d)(1). For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

In 2009, when the Idaho Supreme Court denied the petition for review, precedent from the United States Supreme Court existed which does not support Petitioner's argument of a constitutionally excessive sentence. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (two consecutive

MEMORANDUM DECISION AND ORDER - 8

sentences of 25 years to life in prison for a "third strike" provision of state law for stealing $150 worth of videotapes did not warrant habeas corpus relief); *Ewing v. California*, 538 U.S. 11 (2003) (same). Because Petitioner's sentence is not contrary to United States Supreme Court precedent, he is not entitled to relief under § 2254.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as

explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed two of Petitioner's claims on procedural grounds, and one has been alternatively denied on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and the merits of the sentencing claim, and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), within thirty (30) days after entry of this Order.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Exemption re: State Court Record (Dkt. 10) is GRANTED.

2. Respondent's Motion to Dismiss (Dkt. 13) is GRANTED.

3. Petitioner's Petition is DISMISSED with prejudice.

4. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: August 9, 2010

Honorable Mikel H. Williams
United States Magistrate Judge